**Ex parte Jimmy JACKSON.**

**No. WR-62597-01.**

Court of Criminal Appeals of Texas.

Sept. 14, 2005.

Gary M. Polland, Houston, for Appellant.

Roe Wilson, Asst. District Atty., Houston, Matthew Paul, State's Atty., Austin, TX, for State.

*ORDER*

PER CURIAM.

This is an application for writ of habeas corpus filed pursuant to the provisions of Article 11.071, Tex.Code Crim. Proc.

On January 21, 1986, applicant was convicted of the offense of capital murder. The jury answered the special issues submitted pursuant to Article 37.071(b), and the trial court, accordingly, set punishment at death.[1] This Court affirmed applicant's conviction and sentence on direct appeal. *Jackson v. State,* 822 S.W.2d 18 (Tex.Crim. App.1990). On June 22, 2005, the Governor of the State of Texas commuted Applicant's death sentence to life imprisonment because Applicant was seventeen years old at the time he committed the offense of capital murder.

Applicant presents six allegations in his application in which he challenges the validity of his conviction and resulting sentence. The trial court did not hold an evidentiary hearing. The trial court adopted the State's proposed findings of fact and conclusions of law recommending that the application be dismissed for lack of jurisdiction. We disagree. This Court was vested with appellate jurisdiction at the time applicant was convicted of capital murder and sentenced to death. Art. 37.071(h); Art. 11.071, § 1. Chapter 48 does not alter our appellate jurisdiction when the Governor grants commutation of punishment.

This Court has reviewed the record with respect to the allegations made by applicant. Based upon our own review, we deny relief on applicant's allegations pertaining to the guilt or innocence phase of his trial. We dismiss as moot applicant's

---

1. Unless otherwise indicated, all references to Articles and Chapters refer to the Texas Code of Criminal Procedure.

allegations pertaining to the punishment phase of his trial.

MEYERS, J., not participating.