IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-67,161-01 AND WR-67,161-02






EX PARTE DOIL EDWARD LANE








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NOS. CR-93-454-A AND CR-93-454-B IN THE 22
ND DISTRICT COURT


HAYS COUNTY






 Per curiam. 



O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 In February 1994, a jury convicted applicant of the offense of a capital murder
committed in March 1980. The jury answered the special issues submitted pursuant to
Texas Code of Criminal Procedure article 37.0711, and the trial court, accordingly, set
punishment at death. This Court affirmed applicant's conviction and sentence on direct
appeal. Lane v. State, 933 S.W.2d 504 (Tex. Crim. App. 1996).

 On March 5, 1998, applicant filed an initial Article 11.071 application for writ of
habeas corpus with the convicting court in which he raised fourteen allegations including a
claim that he was mentally retarded and could not constitutionally be executed. The trial
court never made findings of fact or conclusions of law regarding the allegations raised in
the initial application.

 In June 2002, the United States Supreme Court held in Atkins v. Virginia, 536 U.S.
304 (2002), that it violated the Eighth Amendment to execute a person who was mentally
retarded. In August 2002, applicant filed his first subsequent application in the trial court
again asserting that he is mentally retarded and that his execution will violate the Eighth
Amendment. The subsequent application was not forwarded to this Court as required by
Article 11.071 § 5(b) for a determination of whether the application met the dictates of
Article 11.071 § 5(a). Instead, in November 2006, the trial court reviewed the merits of
the allegation and the agreement of the parties and entered findings and conclusions
recommending that applicant's sentence be commuted to one of life in prison. 

 Before the record on the subsequent application was forwarded to this Court, the
matter was submitted to the Governor, who, on March 9, 2007, commuted applicant's
sentence to one of life in prison. Thereafter, applicant submitted a "motion to non-suit"
both cases because he had "received the relief he requested in both his original writ . . . and
his subsequent application." On June 21, 2007, the trial court signed an order granting
applicant's "motion to non-suit" in both cases because "both . . . are moot."

 But applicant's conclusion that he received the relief he requested is a misstatement
of fact because he received no relief regarding the allegations pertaining to the guilt
portion of his trial. Plus, the court's conclusion that both applications were rendered moot
by the Governor's commutation of his sentence is a misstatement of the law. While the
Governor's commutation of applicant's sentence rendered all claims pertaining to the
punishment phase moot, this Court still retained jurisdiction to review the claims raised in
the initial application that pertained to guilt phase issues. Ex parte Jackson, 187 S.W.3d
416 (Tex. Crim. App. 2005). 

 Because of these misstatements, the record is unclear whether applicant, by way of
his "motion to non-suit," intended to actively waive his claims pertaining to the guilt phase
of trial or simply misunderstood habeas procedure and mistakenly thought that those claims
had been rendered moot. Therefore, the trial court is ordered to clarify - by affidavit,
hearing, or some other means - whether applicant knowingly and voluntarily intended to
waive his claims pertaining to the guilt phase or whether he still wants to pursue those
claims as allowed by law. In light of the finding that applicant is mentally retarded, the
court shall also determine whether applicant is able to knowingly and voluntarily waive the
claims at issue.

 The clarification, and the trial court's findings and conclusions regarding that
clarification are to be returned to this Court within sixty (60) days of the date of this order. 
If the court determines that applicant did not intend to abandon his claims regarding the
guilt phase of his trial, the court shall resolve those issues pursuant to Article 11.071 and
return the application to this Court within 120 days of the date of this order.

 IT IS SO ORDERED THIS THE 1ST DAY OF AUGUST, 2007.

Do Not Publish