IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,161-01






EX PARTE DOIL EDWARD LANE








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NOS. CR-93-454-A IN THE 22
ND DISTRICT COURT


HAYS COUNTY






 Per curiam. 



O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 In February 1994, a jury convicted applicant of the offense of capital murder
committed in March 1980. The jury answered the special issues submitted pursuant to
Texas Code of Criminal Procedure article 37.0711, and the trial court, accordingly, set
punishment at death. This Court affirmed applicant's conviction and sentence on direct
appeal. Lane v. State, 933 S.W.2d 504 (Tex. Crim. App. 1996).

 On March 5, 1998, applicant filed an initial Article 11.071 application for writ of
habeas corpus with the convicting court in which he raised fourteen allegations including a
claim that he was mentally retarded and could not constitutionally be executed. Proposed
findings and conclusions were filed by both parties in June 2000. The trial court did not
make its own findings of fact or conclusions of law regarding the allegations raised, and the
writ record was not timely forwarded to this Court as required by Article 11.071 § 8 (after
no hearing) or Article 11.071 § 9 (after a hearing).

 In August 2002, applicant filed his first subsequent application in the trial court
again asserting that he is mentally retarded and that his execution will violate the Eighth
Amendment as set out in the United States Supreme Court holding in Atkins v. Virginia,
536 U.S. 304 (2002). The subsequent application was not forwarded to this Court as
required by Article 11.071 § 5(b). Instead, in November 2006, the trial court reviewed the
merits of the allegation and, based upon the agreed findings of the parties that applicant was
mentally retarded, entered findings and conclusions recommending that applicant's
sentence be commuted to life in prison. 

 Before the record on the subsequent application was forwarded to this Court, the
matter was submitted to the Governor, who, on March 9, 2007, commuted applicant's
sentence to life in prison. Thereafter, applicant submitted a "motion to non-suit" both
cases because he had "received the relief he requested in both his original writ . . . and his
subsequent application." On June 21, 2007, the trial court signed an order granting
applicant's "motion to non-suit" in both cases, finding the applications moot.

 In an unpublished order issued on August 1, 2007, this Court noted that applicant's
conclusion that he received the relief he requested was an incorrect statement because he
received no relief regarding the allegations pertaining to the guilt portion of his trial. The
Court also noted that the trial court's conclusion that both applications were rendered moot
by the Governor's commutation of his sentence was a misstatement of the law. This Court
was vested with appellate jurisdiction at the time applicant was convicted of capital murder
and sentenced to death and retains jurisdiction to review the claims raised in the initial
application that pertained to the guilt phase. See Ex parte Jackson, 187 S.W.3d 416 (Tex.
Crim. App. 2005). Thus, this Court ordered the trial court to clarify whether applicant, by
way of his "motion to non-suit," knowingly and voluntarily intended to waive or pursue his
claims for relief pertaining to the guilt phase of trial. The Court further ordered the trial
court, in light of the finding that applicant is mentally retarded, to determine whether
applicant is able to knowingly and voluntarily waive the claims at issue.

 In response to this order, the clerk submitted a supplemental record to this Court
consisting of Joint Findings of Fact and Conclusions of Law signed by the trial judge and
submitted to the trial court by the Criminal District Attorney of Hays County, an Assistant
District Attorney, an Assistant Attorney General, and Applicant's Defense Counsel. In
these findings and conclusions, the trial court found no evidence that applicant intended to
waive his claims pertaining to the guilt phase of trial, but also concluded that there is no
legal mechanism in a post-conviction proceeding for determining whether applicant is able
to knowingly and voluntarily waive those claims. Additionally, the court found that the
Governor's commutation rendered it without jurisdiction to act further in the case. We do
not agree with these findings and conclusions. 

 While the commutation by the Governor may render the punishment issues moot,
this Court has jurisdiction to consider the habeas application filed by applicant, and the
convicting court shall address the issues as directed by this Court. Because there is no
evidence in the record that applicant intends to waive his claims pertaining to the guilt
phase of trial, the trial court is ordered to resolve the issues raised in applicant's initial writ
application and, within sixty (60) days of the date of this order, have the clerk return to this
Court a supplemental record including the court's findings and conclusions resolving those
issues. 

 IT IS SO ORDERED THIS THE 16TH DAY OF JANUARY, 2008.

Do Not Publish