IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-67,161-01 AND WR-67,161-02






EX PARTE DOIL EDWARD LANE








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NOS. CR-93-454-A AND CR-93-454-B IN THE 22ND DISTRICT COURT


HAYS COUNTY






 Per Curiam. 



O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 In February 1994, a jury convicted applicant of the offense of capital murder
committed in March 1980. The jury answered the special issues submitted pursuant to
Texas Code of Criminal Procedure article 37.0711, and the trial court, accordingly, set
punishment at death. This Court affirmed applicant's conviction and sentence on direct
appeal. Lane v. State, 933 S.W.2d 504 (Tex. Crim. App. 1996).

 On March 5, 1998, applicant filed an initial Article 11.071 application for writ of
habeas corpus with the convicting court in which he raised fourteen allegations including
a claim that he was mentally retarded and could not constitutionally be executed. The
trial court at that time never made findings of fact or conclusions of law regarding the
allegations raised in the initial application.

 In June 2002, the United States Supreme Court held in Atkins v. Virginia, 536 U.S.
304 (2002), that it violated the Eighth Amendment to execute a person who was mentally
retarded. In August 2002, applicant filed his first subsequent application in the trial court
again asserting that he is mentally retarded and that his execution will violate the Eighth
Amendment. The subsequent application was not forwarded to this Court as required by
Article 11.071 § 5(b) for a determination of whether the application met the dictates of
Article 11.071 § 5(a). Instead, in November 2006, the trial court reviewed the merits of
the allegation and the agreement of the parties and entered findings and conclusions
recommending that applicant's sentence be commuted to one of life in prison. 

 Before the record on the subsequent application was forwarded to this Court, the
matter was submitted to the Governor, who, on March 9, 2007, commuted applicant's
sentence to one of life in prison. Thereafter, applicant submitted a "motion to non-suit"
both cases because he had "received the relief he requested in both his original writ . . .
and his subsequent application." On June 21, 2007, the trial court signed an order
granting applicant's "motion to non-suit" in both cases because "both . . . are moot."

 But applicant's conclusion that he received the relief he requested was a
misstatement of fact because he received no relief regarding the allegations pertaining to
the guilt portion of his trial. Plus, the court's conclusion that both applications were
rendered moot by the Governor's commutation of his sentence is a misstatement of the
law. While the Governor's commutation of applicant's sentence rendered all claims
pertaining to the punishment phase moot, this Court still retained jurisdiction to review
the claims raised in the initial application that pertained to guilt phase issues. Ex parte
Jackson, 187 S.W.3d 416 (Tex. Crim. App. 2005). Consequently, we ordered the trial
court to determine if applicant wished to waive his guilt phase claims. See Ex parte Lane,
Nos. WR-67,161-01 & WR-67,161-02 (Tex. Crim. App. August 1, 2007)(not designated
for publication). As the trial court determined applicant did not wish to waive those
claims, the trial court entered findings of fact and conclusions of law pertaining to the
initial writ. No evidentiary hearing was held.

 In his initial writ, No. WR-67,161-01, applicant presents fourteen allegations
challenging the validity of his conviction and resulting sentence. This Court has reviewed
the record with respect to the allegations made by applicant. We adopt the trial court's
findings of fact and conclusions of law, except for the portions of conclusions #30 and
#31 that pertain to the harmlessness of the corroboration of the co-defendant's statement
by applicant's confession. We also do not adopt findings and conclusions #38 to #41 that
hold applicant was not denied counsel by the failure to appoint counsel until he was
extradited to Texas from Kansas. While the trial court's holdings are valid for the time
frame of this case (1991-93), the outcome might be different today under the Supreme
Court's holding in Rothgery v. Gillespie County, Texas, ___ U.S. ___, 128 S.Ct. 2578,
171 L.Ed.2d 366 (2008). 

 Based upon the trial court's findings and conclusions and our own review, we deny
relief on applicant's allegations pertaining to the guilt or innocence phase of his trial. We
dismiss as moot applicant's allegations pertaining to the punishment phase of trial.

 Applicant's subsequent writ, No. WR-67,161-02, is rendered moot by the
Governor's commutation of applicant's death sentence and is, therefore, dismissed.

 IT IS SO ORDERED THIS THE 4TH DAY OF FEBRUARY, 2009.

Do Not Publish